UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID AND THERESA MARTIN, individually, and on behalf of their minor son, D.M., <br><br> Plaintiffs, <br><br> v. <br><br> WAPATO SCHOOL DISTRICT NO. 207, <br><br> Defendant. | NO. 1:22-CV-3117-TOR <br><br> ORDER GRANTING MOTION TO DISMISS |

BEFORE THE COURT is Defendant Wapato School District's Rule 37 Motion and Reply in Support of Civil Rule 37 Motion for Sanctions. ECF Nos. 16 and 18. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the briefing, and is fully informed. For the reasons discussed below, Defendant's Motion is GRANTED in part.

BACKGROUND

This is an action by David and Theresa Martin, individually and as parents

ORDER GRANTING MOTION TO DISMISS ~ 1

1  and guardians of D.M., (collectively "Plaintiffs") to recover damages from the

2  Wapato School District ("District") arising out of an incident in which D.M. was

3  struck by student J.S.C. while both were students at Wapato Middle School.

4  Plaintiffs have plead claims against the District for (1) violation of Section 504 of

5  the Rehabilitation Act of 1983 29 U.S.C. Sec. 794 for disability discrimination (2)

6  Retaliation in Americans with Disabilities Act, 42 U.S.C. Sec. 12101 and Section

7  504 of the Rehabilitation Act of 1973; (3) violation of the Washington Law

8  Against Discrimination for race disability discrimination; (4) negligence; (5)

9  Retaliation under Washington's Prohibition of Harassment, Intimidation, and

10 Bullying; and (6) claims pursuant to RCW 4.24.010 for loss of parental

11 consortium. The District denies liability and the nature and scope of any alleged

12 damages.  See ECF No. 9.

13      On October 3, 2022, the Court issued an Order setting a telephonic

14 scheduling conference for November 17, 2022. ECF No. 8.  The Order required the

15 parties to discuss the issues listed in the Order, file a combined report addressing

16 each of the issues, and make their Rule 26(a)(1) initial disclosures at or within 14

17 days after their Rule 26(f) conference.  The Parties were ordered to appear

18 telephonically for the scheduling conference on November 17, 2022 at 8:45 a.m.

19 The Court held the telephonic scheduling hearing on November 17, 2023.

20 Plaintiff's counsel failed to appear and has never provided an explanation.  *See*

1   ECF No. 12.  After the hearing, the Court entered a detailed Jury Trial Scheduling

2   Order.  ECF No. 13.  That Order required the Parties to disclose their Fed. R. Civ.

3   P. 26(a)(1) material promptly.  *Id*. at 2.

4       On May 23, 2023, Defendant filed the present motion seeking sanctions and

5   dismissal.  Defendant explained that Plaintiff has failed to provide initial

6   disclosures as ordered by the Court, failed to respond to the Defendant's Rule 33

7   Interrogatories, and failed to respond to Defendant's Rule 34 Requests for

8   Production.  Defendant provides a detailed and lengthy recitation of all the delay

9   and unresponsiveness of Plaintiffs' counsel which will not be repeated here.  See

10  ECF Nos. 16, 17, 18, and 19.  It is now July of 2023.

## DISCUSSION

12      Defendant moves to dismiss and for sanctions.  Federal Rule of Civil

13  Procedure 41(b), provides:

> If the plaintiff fails to prosecute or to comply with these rules
> or a court order, a defendant may move to dismiss the action
> or any claim against it. Unless the dismissal order states
> otherwise, a dismissal under this subdivision (b) and any
> dismissal not under this rule – except one for lack of
> jurisdiction, improper venue, or failure to join a party under
> Rule 19 – operates as an adjudication on the merits.

18  Rule 37(c)(1) which provides that if a party fails to provide information as required

19  by Rule 26(a) the court may impose appropriate sanctions, including dismissing

20  the action in whole or in part. Rule 37(b)(2)(a)(v) provides for dismissal: "If a

party … fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders … [including] dismissing the action or proceeding in whole or in part." A dismissal under Rule 37(b) must be predicated on a failure to obey a discovery order that is the result of "willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (internal citation omitted). To find that a party acted with "willfulness, bad faith, or fault" a court need only find that the failure to participate in discovery was "disobedient conduct not shown to be outside the control of the litigant." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985) (internal quotation omitted).

Upon a motion to dismiss under these Rules, the district court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (Rule 41); *Wanderer v Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) (Rule 37).

Here, Rule 41(b) is triggered on the independent grounds that Plaintiffs have failed to prosecute their claims where counsel has demonstrated an unwillingness to attend the Court ordered hearing and failed to respond to the present motion to

ORDER GRANTING MOTION TO DISMISS ~ 4

1  dismiss and for sanctions.  Plaintiff has also failed to comply with the Court's

2  order to turn over the Rule 26(a) discovery promptly and outstanding discovery

3  requests.  Rule 37(b)(2)(a)(v) is similarly triggered by Plaintiff's failure to comply

4  with the Court's discovery order – there is no evidence that such disobedience was

5  outside Plaintiffs' control.  *See Fjelstad*, 762 F.2d at 1341.

6        The Court has considered the aforementioned factors, all but one of which

7  favor dismissal.  Plaintiffs' unresponsiveness and unwillingness to move forward

8  in this action threatens both the expeditious resolution and the orderly and timely

9  disposition of the case on the Court's docket.  Likewise, Defendant is prejudiced

10  by Plaintiffs' noncompliance with the Court's discovery order and unwillingness to

11  participate in discovery.  Defendant's inability to get information from Plaintiffs

12  hinders its ability to develop any defense and properly litigate this case.  While less

13  drastic sanctions are technically available, such sanctions appear to be fruitless

14  where Plaintiffs have not participated on the docket in this matter since November

15  2022.  The factor in favor of adjudication on the merits is outweighed by the other

16  factors in favor of dismissal.  *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960-61

17  (9th Cir. 2006).

18        For these reasons, the Court finds that dismissal is appropriate under Rules

19  41 and 37.  Therefore, Defendant's Motion seeking dismissal is granted.

20

Defendant also seeks sanctions in the amount of $10,000. The Court declines to impose sanctions in that amount. No justification or itemization of attorney fees has been provided to the Court. Considering the factors the Court must weigh, the Court declines to assess a monetary sanction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Wapato School District's Rule 37 Motion, ECF No. 16, is **GRANTED in part**.

2. The Complaint and all claims against Defendant are **DISMISSED** without prejudice.

3. All deadlines, hearings and trial are **VACATED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, provide copies to the parties, and **CLOSE** the file.

DATED July 14, 2023.



THOMAS O. RICE
United States District Judge